UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN BRICHER,

        Plaintiff,                                   Civil No. 06-6022-PK

    v.

MICHAEL J. ASTRUE,[1]                               ORDER
Commissioner,
Social Security Administration,

        Defendant.

_____

HAGGERTY, Chief Judge:

      Magistrate Judge Papak issued a Findings and Recommendation in this action [19], which

recommended that the Commissioner's final decision should be reversed and this action should be

---

    [1] On February 12, 2007, Michael J. Astrue became Commissioner of Social Security and
he should be substituted in these proceedings as such.  42 U.S.C. § 405(g); Fed. R. Civ. P. 25
(d)(1).

1       - ORDER

remanded for further administrative proceedings.  The Commissioner filed objections to the

Findings and Recommendation and the matter was then referred to this court.

When a party objects to any portion of the Magistrate's Findings and Recommendation, the

district court must make a *de novo* determination of that portion of the Magistrate's report.  28

U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d

1309, 1313 (9th Cir. 1981).

The objections were filed in a timely manner.  The court has given this case a *de novo*

review, and has also carefully evaluated the Magistrate's Findings and Recommendations, the

objections, and the entire record.  Magistrate Judge Papak provided a thorough analysis of the

facts and circumstances regarding this litigation, and the analysis need not be repeated here.  For

the following reasons, the Findings and Recommendation is adopted.

**ANALYSIS**

The Commissioner first challenges the Findings and Recommendation's determination that

the Commissioner assessed plaintiff's residual functional capacity (RFC) incorrectly.  Def.'s

Objections at 2.  The Commissioner contends that the ALJ's conclusion that plaintiff had no

vocational limitations was supported by substantial evidence in light of the ALJ's finding that

plaintiff's tinnitus was controlled through his last date of insurance.  *Id.*  The Commissioner's

objection lacks merit.  The Findings and Recommendation acknowledged the finding that

plaintiff's tinnitus was "under control" through the use of hearing protection devices, but

concluded correctly that the ALJ was still required to address whether the hearing protection

devices and plaintiff's sensitivity to excessive noise and hearing loss would have impaired his

ability to function in his past work as a machinist.  Findings and Recommendation at 7-8.  Because

2        - ORDER

the ALJ failed to address or consult a vocational expert regarding these issues, the ALJ's finding that plaintiff could return to his past work was not supported by substantial evidence, and this case must be remanded for further proceedings.

Next, the Commissioner challenges the Findings and Recommendation's determination that the ALJ discounted the lay testimony of plaintiff's wife, Sherry Bricher (Bricher) improperly. Def.'s Objections at 3.  The court rejects the Commissioner's contention that the ALJ disregarded Bricher's testimony properly because it "reflected [p]laintiff's incredible representations. . . ." Def.'s Objections at 3.  As the Findings and Recommendation makes clear, it was error for the ALJ to dismiss Bricher's testimony based on a finding that plaintiff himself lacked credibility. Findings and Recommendation at 9; *see also Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) (finding error when ALJ's dismissal of all the lay witness testimony based on finding that claimant was not credible suggested that ALJ was under the "mistaken impression that lay witnesses can never make independent observations of the claimant's pain and other symptoms").  Bricher's daily observance of plaintiff and her training as a registered nurse made her competent to testify regarding plaintiff's condition, and the ALJ was required to provide reasons germane to Bricher before disregarding her observations.  *See Dodrill*, 12 F.3d at 919 (noting that "[a]n eyewitness can often tell whether someone is suffering or merely malingering," particularly those witnesses who "view the claimant on a daily basis").

The court rejects the Commissioner's attempt to attribute the ALJ's decision on this issue to a finding that Bricher's testimony contained inconsistencies. *Id.*  As the Findings and Recommendation makes clear, the ALJ offered only a two-sentence explanation for disregarding Bricher's testimony, which mentioned no such inconsistencies:

3        - ORDER

> Although the testimony of the claimant's wife may be credible in itself, its
> substance only reflects the picture that the claimant, an incredible individual, chose
> to make. There is little in her testimony, in any event, to suggest that the claimant
> was more than minimally limited on or prior to [plaintiff's last date of insurance].

Tr. of Admin. R. at 19.

Finally, the court rejects the Commissioner's assertion that Bricher's testimony provided no evidence that plaintiff was more than minimally limited. Def.'s Objections at 3. As the Findings and Recommendation makes clear, Bricher testified regarding plaintiff's poor short-term memory and worsened concentration since he developed tinnitus, his ongoing symptoms of obsessive compulsive disorder, and how little she and plaintiff were able to do outside their home because of plaintiff's tinnitus. Findings and Recommendation at 10. Taken as true, this testimony could lead a reasonable ALJ to conclude that plaintiff's impairments precluded him from returning to his past work as a machinist, and the ALJ's erroneous disregard of her testimony was not harmless. *See Stout v. Comm'r, Social Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) ("where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination").

///

///

///

///

///

///

4        - ORDER

**CONCLUSION**

The Commissioner's objections have been scrutinized, and this court has undertaken a *de novo* review of the Findings and Recommendation at issue and the record as a whole. The Findings and Recommendation [19] is adopted in its entirety, and the Commissioner's final decision is remanded for further proceedings in accordance with the reasoning of this Order and the Findings and Recommendation.

IT IS SO ORDERED.

DATED this  30th  day of April, 2007.


     /s/ Ancer L. Haggerty
            Ancer L. Haggerty
        United States District Judge


5        - ORDER